**Reversed and Remanded and Opinion Filed August 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-00384-CV
_____

**FORD MOTOR COMPANY, Appellant**

**V.**

**CASEY JOHNSON, INDIVIDUALLY, AS GUARDIAN OF MAEGEN JOHNSON, NCM, AS HEIR AT LAW TO TRISTEN JOHNSON, DECEASED, AND AS HEIR AT LAW TO MADELEINE JOHNSON, DECEASED; PEARLETTE JOHNSON, INDIVIDUALLY AND SJON JOHNSON, INDIVIDUALLY, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-04102**

## OPINION

Before Chief Justice Wright, and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Ford Motor Company appeals the trial court's order denying its motion to transfer venue from Dallas County to Collin County. In a single issue, Ford contends the trial court erred by denying its motion to transfer venue because Casey, Pearlette, and Sjon Johnson failed to meet their burden to show Ford has a principal office in Dallas County. In a single cross-point, the Johnsons contend this Court lacks jurisdiction over this interlocutory appeal. We disagree with the Johnsons that we lack jurisdiction, agree with Ford the Johnsons failed to meet their burden to show venue in Dallas County was proper, and disagree with Ford that it met its burden to show venue was proper in Collin County. Accordingly, we reverse the trial court's order

denying appellant's motion to transfer venue and remand for further proceedings consistent with this opinion.

## Background

On April 16, 2014, the Johnsons sued Ford in Dallas County for strict liability and negligence arising from an automobile accident that occurred in Crockett County on July 26, 2012. The Johnsons alleged venue was proper in Dallas County because Ford had "a principal office in Dallas County." Ford then filed its answer and motion to transfer venue. In the motion to transfer venue, Ford alleged venue for this case was improper in Dallas County and requested that the case be transferred to Collin County. Specifically, Ford denied that "its principal office was in Dallas County" and claimed that its principal office is in Collin County. In support of this claim, Ford relied on Gregory Houston's affidavit. Houston testified in his affidavit that he is employed by Ford, his title with that company is Ford Sales and Marketing Manager, and he works out of Ford's Central Market Area Office located in Collin County. Houston also testified that he is familiar with the location of Ford facilities and offices in the State of Texas. Houston explained that Ford is a Delaware corporation, and its principal place of business is located in Michigan. Houston further testified that "[g]iven the definition of a principal office in the State of Texas as follows, a 'principal office means a principal office of the corporation . . . in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization,' the principal office of Ford in the State of Texas is its Central Market Area Office in Collin County, Texas, located at 5700 Granite Parkway, Plano, Texas 75024. The principal office is not located in Dallas County, Texas."

The Johnsons filed a response claiming, in part, (1) certain filings with Dallas County and the Secretary of State provided prima facie proof that Ford did have a principal office in Dallas County, and (2) Ford has judicially admitted that Ford has a principal office in Dallas County.

The Johnsons supported these claims with, among other things, excerpts from Houston's deposition testimony, certain business filings made by Ford in Texas, pleadings from various cases litigated in Dallas County, and a certified copy of a 2007 motion to transfer another case from San Jacinto County to Dallas County, in which Ford stated its principal place of business was in Dallas County.

After considering this and other evidence, the trial court denied Ford's motion to transfer venue. This interlocutory appeal followed.

### Jurisdiction

We begin with the Johnsons' cross-point on appeal contending this Court lacks jurisdiction over this interlocutory appeal. The Johnsons acknowledge their argument under this point is in direct conflict with this Court's decision in *Union Pacific v. Stouffer*, 420 S.W.3d 233 (Tex. App.—Dallas 2014, pet. dism'd), and ask the Court to "refuse to follow that decision and follow the precedent established [by] *Basic Energy Services GP LLC v. Gomez*, 398 S.W.3d 734 (Tex. App.—San Antonio 2010, no pet.)." This was the exact issue we addressed in *Stouffer*, where this Court agreed with the interpretation of section 15.003(b)of the Texas Civil Practice and Remedies Code—following the 2003 amendment to the statute—by the Corpus Christi Court of Appeals in *Shamoun & Norman, LLP v. Yarto International Group, LP*, 398 S.W.3d 272 (Tex. App—Corpus Christi 2012, pet. dism'd), and rejected the reasoning by the San Antonio Court of Appeals in *Basic Energy. Stouffer*, 420 S.W.3d at 237–38. We decline the Johnsons' invitation to revisit that decision and overrule the Johnsons' cross-point.

### Venue

In its sole issue on appeal, Ford contends the trial court erred by denying its motion to transfer venue. First, Ford argues the Johnsons failed to satisfy their burden to present prima facie proof that venue is proper in Dallas County. In particular, Ford maintains (1) it challenged

venue in Dallas County as improper based on the allegation that it is the location of Ford's principal office, (2) the Johnsons were thus required to provide evidence that not only does Ford have an office in Dallas County, but also that its employees in that office are decision makers who have substantially equal responsibility and authority relative to other Ford employees within Texas, and (3) the Johnsons failed to meet that burden. Ford then asserts it established that venue was proper in Collin County. The Johnsons counter that (1) Ford's filings with the Texas Secretary of State and Dallas County are prima facie proof of a principal office in Dallas, and (2) Ford has judicially admitted it has a principal office in Dallas County. Therefore, the Johnsons contend they met their burden to show venue in Dallas County is proper.

Venue selection presupposes that the parties to a lawsuit have choices and preferences about where their case will be tried. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d, 259, 260 (Tex. 1994). Venue may be proper in many counties under general, mandatory, or permissive venue rules. *Id.* Generally, plaintiffs are allowed to choose venue first, and the plaintiff's choice cannot be disturbed as long as suit is initially filed in a county of proper venue. *Id*.; *Stouffer*, 420 S.W.3d at 239. Once the defendant specifically challenges the plaintiff's choice of venue, the plaintiff has the burden to present prima facie proof that venue is proper in the county of suit. *Stouffer*, 420 S.W.3d at 239. Plaintiffs satisfy this burden "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX. R. CIV. P. 87(3)(a). This prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993). But, if the plaintiff fails to discharge its burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1) (West 2002); *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 216 (Tex. 1999). We

–4–

review the trial court's venue determination by conducting an independent review of the entire record to determine whether any probative evidence supports the trial court's venue decision. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West 2002); *Stouffer*, 420 S.W.3d at 239.

The Johnsons rely on section 15.002(a)(3) of the civil practice and remedies code to show venue is proper in Dallas County. That section provides that a lawsuit may be brought "in the county of the defendant's principal office of this state, if the defendant is not a natural person." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3) (West 2002). "Principal office" is defined as "a principal office of a corporation . . . in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a) (West 2002).

A corporation may have more than one principal office in this state. *Mo. Pac.*, 998 S.W.2d at 217. However, even though "a principal office" suggests there can be more than one office, the term "principal" indicates some sort of primacy. *Id.* To establish venue based on a principal office, plaintiffs must show the employees in the county where the lawsuit was filed (1) are "decision makers" for the company, and (2) have "substantially equal responsibility and authority" relative to other company officials within the state. *See id.* at 217, 220. "Decision makers" who conduct the daily affairs are different kinds of officials than agents or representatives, and "daily affairs" does not mean relatively common, low-level management decisions. *Id*. at 217.

We begin our discussion by determining if the Johnsons met their burden to provide prima facie proof that Ford maintains a principal office in Dallas County. The Johnsons first maintain they met this burden by introducing certain business filings Ford made with the Texas Secretary of State and in Dallas County. Generally, the documents include applications to do

business in Texas and documents identifying Ford's registered agent for purposes of service of process. According to the Johnsons, these documents establish a prima facie showing that Ford has a principal office in Dallas County. In making this argument, the Johnsons do not dispute their proof does not meet the *Missouri Pacific* test for a principal office. Instead, they rely on section 4.005 of the business organizations code, which provides a court shall accept a certified copy of a filing instrument under the business organizations code as "prima facie evidence of the facts stated in the certificate or instrument." *See* TEX. BUS. ORGS. CODE ANN. § 4.005(a) (West 2012). In addition, they direct the Court to cases such as *Ward v. Fairway Operating Co.*, 364 S.W.2d 194 (Tex. 1963) (place of registered office and agent is domicile of corporation, although it might not be its principal place of business), *U.S. Furniture Corp. v. Twilite Mobile Homes Manufacturing Co.*, 355 S.W.2d 851 (Tex. Civ. App—Dallas 1962, no writ) (because corporation is not at liberty to change domicile at will, designation of registered office has effect, for venue purposes, of designating principal office of corporation), and *Hawk & Buck Co. v. Cassidy*, 164 S.W.2d 245, 246 (Tex. Civ. App—Amarillo 1942, no writ) (corporation may be sued in county where its domicile is designated by its charter, regardless of whether it does business or maintains an office in such county).

In advancing the argument that Ford is bound by its filings under the business organizations code, the Johnsons fail to acknowledge that *Ward* (as well as *U.S. Furniture* and *Hawk & Buck*) is one of a "long line of cases trying to define a corporation's 'domicile'—the general term that governed Texas venue law (with numerous exceptions) from 1836 until 1983." *In re Transcon. Realty Inv'rs,* 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding) (citing Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 ST. MARY'S L.J. 855, 857–58 (1984)). Nor do the Johnsons acknowledge that under the venue provision at issue in this case, there is a distinction between a natural person's residence and a business's principal office, and

the current law does not use a corporation's domicile, residence or the presence of an agency or representative to establish venue when there is such a distinction. TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a); *see also Transcon.*, 271 S.W.3d at 272 (when legislature amended the permissive venue statute to distinguish between a natural person's "residence" and a business's "principal office," it did not intend to eliminate corporations and other legal entities from *all* statutes that refer to residence as a way to establish venue).

Because Ford's domicile or residence in Dallas County is irrelevant to the issue of venue in this case, *Ward*, *U.S. Furniture*, and *Hawk & Buck* are not relevant here. Moreover, we note that after the 1995 amendments to the venue provisions and the test for establishing a principal office as set out in *Missouri Pacific*, no court has followed these cases in concluding that the designation of a registered office or principal office in a corporation's business filings is prima facie evidence establishing venue. In fact, the supreme court implicitly rejected the suggestion these holdings remain good law under the venue provision at issue in this case by pointing out that "a party cannot prove a prima facie case that a county has a principal office without evidence of the corporate structure and authority of the officers in the county of suit as compared with the remainder of the state." *Mo. Pac.*, 998 S.W.2d at 220.

Having considered the 1995 amendments to the venue statutes and requirements to prove a prima facie case for showing a principal office as set out in *Missouri Pacific,* we cannot conclude that business filings with the Secretary of State or business filings in Dallas County showing a registered agent or designating a principal office are sufficient, in and of themselves, to establish prima facie proof that Ford has a principal office in Dallas County.

The Johnsons next maintain Ford has judicially admitted it has a principal office in Dallas. Without explanation, the Johnsons direct the Court to two documents in the clerk's record in support of that statement. First, they direct us to a copy of Ford's verified motion for a

temporary restraining order, temporary injunction, and permanent injunction in an unrelated suit against Metro Ford Truck Sales, Inc. In that motion, Ford sought an injunction against Metro because Ford contended Metro was "litigating in a different forum the same breach of contract claims that [the trial court] rendered final judgment upon." Ford alleged venue was proper in Dallas County because the *defendant*, Metro, "ha[d] its principal place of business in Dallas County, Texas and this is the county in which Metro brought this suit against Ford" in the breach of contract suit. The Johnsons do not explain, and we do not see, how asserting this in any way is an "admission" that Ford has a principal office in Dallas County.

Next, the Johnsons direct us to a copy of Ford's 2007 motion to transfer venue from San Jacinto County to Dallas County in a second unrelated case. In that motion, Ford alleged venue was proper in Dallas County because its principal place of business was located in Dallas County. On appeal, Ford argues this motion to transfer is irrelevant because plaintiffs are required to show that venue is proper at the time of filing, and, thus, the Johnsons "were required to produce evidence showing Ford's principal office was in Dallas County on May 2, 2014 (sic)." In support of this proposition, Ford cites to *Chem-Spray Aerosols, Inc. v. Edwards*, 576 S.W.2d 478, 480 (Tex. Civ. App.—Houston [14th Dist. 1979, no writ) (critical time with regard to venue facts is time suit filed).

For suits prior to 1995, venue was ordinarily determined by the facts as they existed at the time an action was filed. *See* 72 TEX. JUR.3d *Venue* § 5 (2013). But, in 1995, the legislature enacted section 15.006 of the civil practices and remedies code, which requires venue to be determined based on the facts existing at the time the cause of action that is the basis of the suit accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.006 (West 2002). Thus, the relevant date for determination of a principal office in Dallas County is July 26, 2012, when the accident occurred. *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). Given the 2012 date of the

accident, we agree with Ford that its statement regarding a principal office in Dallas County in 2007 is not relevant in this case.

Finally, the Johnsons argue that because Ford has "in a multitude of prior and current cases, consented to being before the Dallas Courts" without objecting or moving to transfer venue, a transfer would serve as an "injustice." The Johnsons do not cite any law for this proposition, and indeed, they cannot. It is well established that the matter of venue is a privilege that may be waived by any party to a lawsuit. *See WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 716 (Tex. App.—Dallas 1995, no pet.). Moreover, venue selection presupposes that the parties to a lawsuit have choices and preferences about where their case will be tried and venue may be proper in many counties in the same case. *See Wilson*, 886 S.W.2d at 260. Consequently, whether Ford consents to suit in Dallas County in certain lawsuits, but does not consent to suit in Dallas County in other lawsuits, has no bearing on the Johnsons' burden to show venue was proper in Dallas County because Ford has a principal office in Dallas County.

Having determined the Johnsons failed to meet their burden on venue, the burden shifts to Ford to prove that venue is proper in its chosen county. *Mo. Pac.*, 998 S.W.2d at 216; *Stouffer*, 420 S.W.3d at 245. Here, Ford provided Houston's affidavit showing that Ford is a Delaware corporation, and its principal place of business is located in Michigan. Houston further testified that "[g]iven the definition of a principal office in the State of Texas as follows, a 'principal office means a principal office of the corporation . . . in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization,' the principal office of Ford in the State of Texas is its Central Market Area Office in Collin County, Texas, located at 5700 Granite Parkway, Plano, Texas 75024. The principal office is not located in Dallas County, Texas." And, in the January 14, 2015 deposition excerpts provided by the Johnsons, Houston testified that Ford does not maintain an office or have any employees in

Dallas County. However, Houston further testified he has officed in Collin County since 2007, and the issue of where Ford's principal office was located was brought to his attention "sometime last summer." According to Houston, Ford's office locations had not changed since that time (summer of 2013), and "are as true today as they were last summer and in April of '14." Our review of the record shows Ford has had an office in Collin County as early as 2007, and that its principal office has been in Collin County since the summer of 2013, but does not show whether Ford had a "principal office" in Collin County on the date the cause of action accrued. Because the record does not show Ford had a principal office in Collin County on July 26, 2012, we conclude Ford did not meet its burden to show venue is proper in its chosen county.

Having concluded neither party made the necessary venue showing, we reverse the trial court's order denying Ford's motion to transfer venue and remand to the trial court for further proceedings. *See Ruiz,* 868 S.W.2d at 758 (in unusual circumstance where there is no probative evidence in record that venue is proper anywhere, remand is unavoidable); *see also* TEX. R. CIV. P. 87(3)(d) (if parties fail to make prima facie proof that county of suit or chosen county for transfer is proper, trial court may direct parties to make further proof).

150384F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FORD MOTOR COMPANY, Appellant

No. 05-15-00384-CV     V.

CASEY JOHNSON, INDIVIDUALLY, AS
GUARDIAN OF MAEGEN JOHNSON,
NCM, AS HEIR AT LAW TO TRISTEN
JOHNSON, DECEASED, AND AS HEIR
AT LAW TO MADELEINE JOHNSON,
DECEASED; PEARLETTE JOHNSON,
INDIVIDUALLY; AND SJON JOHNSON,
INDIVIDUALLY, Appellees

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-04102.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant's motion to transfer venue is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2015.