

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00097-CV

_____

FLARE AIR, L.L.C., Appellant

V.

PRESTON BURTON AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF
TREVOR MORRIS, KYLOR MORRIS, DIANA MORRIS, CALVIN MORRIS, AND NAFISA
MORRIS, INDIVIDUALLY AND AS NEXT FRIEND OF HER MINOR CHILDREN, C.M.
(BOY), L.M., C.M. (GIRL), AND B.M., ET AL., Appellees

_____

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2017-261

_____

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Justice Burgess

_____

*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Flare Air, L.L.C., brings this accelerated interlocutory appeal from the trial court's order denying its motion to transfer venue from Rusk County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b) (West 2017). Because we determine that Rusk County was not established as a proper venue under Section 15.003, we vacate the trial court's order denying Flare Air's motion to transfer venue to Smith County and remand this case to the trial court.

## I.       Factual and Procedural Background

William R. Walls, III, piloted an aircraft that suffered engine failure after takeoff from the Tyler Regional Airport in Smith County, Texas. The crash killed Walls and his passenger, Trevor Morris. Morris' independent administrator, Preston Burton, and family members, including Kylor Morris, Diana Morris, Calvin Morris, and Nafisa Morris, individually and as next friend of her four minor children (Appellees) brought suit for negligence and wrongful death in Rusk County against Flare Air and other defendants who are not a party to this interlocutory appeal.[1]

Because a mandatory or permissive venue statute does not apply to this case, venue is proper under Section 15.002(a) only

> (1)      in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2)      in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> (3)      in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

---

[1]The additional defendants included First AV Group, LLC, East Texas H.S.I., Inc., and Sonja Lynne Walls as executrix of Walls' estate.

(4)     if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (West 2017). Since the incident occurred in Smith County and none of the defendants resided in Rusk County, Appellees' petition alleged that venue was proper because Rusk County was the county of Flare Air's principal office in Texas.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2).

Flare Air filed an original motion to transfer venue to Smith County, which argued that it maintained no office in Rusk County. Although this motion mistakenly stated that "[t]he sole tie to Rusk County is Flare Air's location," Flare Air filed an amended motion to transfer venue clarifying that "[t]he sole tie to Rusk County is Flare Air's mail box [sic] location." The amended motion also added that its principal office was in Gregg County, where Appellees served Flare Air through its registered agent, Imad M. Moussa.

Flare Air attached Moussa's deposition in support of its motion to transfer venue to Smith County. He testified that he was the sole owner and operator of and "decision maker" for Flare Air, which employed five pilots and maintained an office in the Gregg County Airport. Moussa met with customers there and kept "[c]omputers, desks, file cabinets, everything related to work." Flare Air's office manager and secretary also worked from the Gregg County office and accepted deliveries requiring a signature there. Moussa testified that Google and Yelp listed Gregg County as the location of Flare Air's business. Flare Air's website also included a Google map pinning

---

[2]Appellees' petition demonstrates that none of the additional defendants resided in or maintained a principal office in Rusk County. It further demonstrates that none of the plaintiffs resided in Rusk County. Accordingly, the additional defendants filed their own motions to transfer venue to Smith County.

3

the Gregg County office at its physical location. Accordingly, Moussa filed an affidavit averring that its principal office was in Gregg County, not Rusk County.

However, Flare Air's website, insurance policy, and outgoing invoices used "SL-03 Lake Cherokee, Henderson, TX 75652" as its mailing address.[3] Moussa explained that he owned a lake house in Rusk County and used that address as Flare Air's mailing address for mail that did not require a signature.[4] When asked if he listed the lake house as "the address for Flare Air" on the Texas Secretary of State's website, Moussa responded affirmatively.[5] Moussa testified that he never worked from his lake house and that he only gathered Flare Air's mail there, but would open the mail at the Gregg County office. He also said that he "[v]ery rarely" conducted business activity remotely from his cell phone, but never at his "residence or the lake house out of respect for [his] family."

In support of their contention that venue was proper in Rusk County, Appellees also attached internet printouts from "Bizapedia" where the third-party website stated that Flare Air's "principal" was Clay Powell, its "principal address" was the lake house address, and its registered agent was Moussa, who had a Gregg County address. Appellees also attached internet printouts from "TXIndex.com" showing that the mailing address was in Rusk County, but the office address was in Gregg County.[6]

---

[3]We refer to this address as the lake house address.

[4]Moussa testified that he resided in Harrison County.

[5]The record does not contain any printouts from the website of the Texas Secretary of State.

[6]Flare Air objected to the printouts as hearsay, but the trial court did not expressly rule on those objections.

After reviewing this evidence, the trial court denied Flare Air's motion to transfer venue to Smith County.

## II.    Standard of Review

"Generally, a plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county." *In re Harding*, No. 06-18-00067-CV, 2018 WL 4924383, at *3 (Tex. App.— Texarkana Oct. 11, 2018, orig. proceeding) (citing *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding)). "The defendant may object to the plaintiff's venue choice by filing a motion to transfer venue." *Id.* "Once the plaintiff's choice of venue is challenged, the plaintiff has the burden to present prima facie proof that venue is maintainable in the county of suit." *KW Const. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied) (citing TEX. R. CIV. P. 87(2)(a), (3)(a); *Masonite Corp.*, 997 S.W.2d at 197).

In typical venue determinations made under Section 15.064 of the Texas Civil Practice and Remedies Code, the court determines "venue questions from the pleadings and affidavits," a plaintiff satisfies the prima facie burden through pleading and affidavit, and the plaintiff's "prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2017); *Harding*, 2018 WL 4924383, at *3 (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993)). There is no interlocutory appeal from a venue determination under Section 15.064. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a); TEX. R. CIV. P. 87(6); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding) ("Once a trial court has ruled on proper venue, that decision cannot be the subject of

5

an interlocutory appeal."). "As a result, a party must usually wait until a final judgment occurs to appeal a venue ruling." *In re Lewis*, No. 12-16-00134-CV, 2016 WL 3346022, at *1 (Tex. App.—Tyler June 15, 2016, orig. proceeding) (citing *Harding Bars, LLC v. McCaskill*, 374 S.W.3d 517, 519 (Tex. App.—San Antonio 2012, pet. denied)).

However, an exception to this rule is found in Section 15.003 of the Texas Civil Practice and Remedies Code in cases involving multiple plaintiffs. TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b); *see Sustainable Tex. Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 S.W.3d 96, 105 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Our analysis is impacted in two areas because this appeal is from a venue determination made under Section 15.003(a) of the Texas Civil Practice and Remedies Code, which ensures that each plaintiff is properly joined and can independently establish venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a).

First, whereas a trial court's ruling on a motion to transfer venue is typically reviewed under an abuse of discretion standard, Section 15.003 requires us to "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(c) *with Harding*, 2018 WL 4924383, at *2. Therefore, we "conduct a de novo review of the entire record to determine whether a trial court's section 15.003(a) joinder determination was proper . . . with no deference to the trial court's ruling." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999); *see Sustainable Tex. Oyster Res. Mgmt.*, 491 S.W.3d at 107.

6

Second, whereas the "plaintiff's prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof" in a typical venue determination, "a defendant must be afforded the opportunity to rebut the plaintiff's prima facie proof" in Section 15.003 cases. *Surgitek*, 997 S.W.2d at 602; *KW Const.*, 165 S.W.3d at 879.

### III.    Appellees Failed to Meet Their Prima Facie Burden

Appellees were required to make a prima facie showing that Flare Air's principal office was located in Rusk County. "'Principal office' means a principal office of the corporation, unincorporated association, or partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization."[7] TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a). Flare Air argues that the trial court erred in denying its motion to transfer venue because Appellees failed to meet their burden to show that it had a principal office in Rusk County. We agree.

On appeal, Appellees argue that they met their burden to show that the lake house can also be considered as a principal office of Flare Air because (1) the evidence showed that it was Flare Air's mailing address and (2) Flare Air's misstatement in its original motion to transfer venue that "the sole tie to Rusk County is Flare Air's location" constituted some evidence supporting venue in Rusk County. These arguments misunderstand the showing required to establish a principal office.

---

[7]"The mere presence of an agency or representative does not establish a principal office." TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a) (West 2017).

7

Initially, we note that, because Section 15.001(a) uses the phrase "a principal office," "a corporation may have more than one principal office in this state." *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 928–29 (Tex. App.—Dallas 2015, pet. ref'd) (citing *In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 217 (Tex. 1999)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a). However, "the term 'principal' indicates some sort of primacy." *Johnson*, 473 S.W.3d at 928–29 (citing *In re Missouri Pac. R. Co.*, 998 S.W.2d 212, 217 (Tex. 1999)). The statute is not so broad as to include any place where a company official makes decisions about the company's business. *In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 217 (Tex. 1999). Instead, a company's principal office is the place where "decision makers . . . conduct the daily affairs of the organization." *Johnson*, 473 S.W.3d 925, 928–29 (citing *Mo. Pac. R. Co.*, 998 S.W.2d at 217, 220); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a). "[T]he term 'daily affairs' does not mean relatively common, low-level management decisions." *Union Pac. R. Co. v. Stouffer*, 420 S.W.3d 233, 240 (Tex. App.—Dallas 2013, pet. dism'd).

Here, while the evidence submitted showed that Moussa's lake house was Flare Air's mailing address and that Moussa was a decision-maker for Flare Air, nothing demonstrated that Moussa conducted the daily affairs of Flare Air at the lake house. *See Ken-Do Contracting, L.P. v. F.A. Brown's Constr., L.L.C.*, No. 05-16-00373-CV, 2017 WL 3381105, at *2 (Tex. App.—Dallas Aug. 7, 2017, pet. denied) (mem. op.) (holding that evidence of a business' post office mailing address did not establish a principal office because it showed nothing more than where the company could receive mail, was not a business office, and was not a location where the decision makers of a business could manage the business' daily affairs); *Johnson*, 473 S.W.3d at 930

8

(holding that business filings with the Texas Secretary of State showing a registered agent or designating a principal office are insufficient in and of themselves to establish prima facie proof of a principal office under Section 15.001). Instead, Moussa testified that he never worked from the lake house, made no management decisions there, and did not open company mail there. No evidence refuted that testimony.

In contrast, the evidence showed that the Gregg County office was Flare Air's physical location. It housed all work-related equipment and files for the company and was the only place where customers met with company employees. Thus, Flare Air's principal office was in Gregg County. To hold otherwise would blend the clear distinction between a natural person's residence and a business' principal office created by the Legislature in enacting Section 15.002. *See Johnson*, 473 S.W.3d at 929. Just as *Missouri Pacific Railway Co.* decided that "[i]t is unlikely that an office clearly subordinate to and controlled by another Texas office could be 'a principal office,'" it is equally unlikely that a decision-maker's lake house, from which he only gathers company mail, can be considered a principal office of a business. *Mo. Pac. R. Co.*, 998 S.W.2d at 217. Accordingly, we conclude that Appellees did not make a prima facie showing that Flare Air had a principal office in Rusk County.

Next, Appellees argue that Flare Air's "admission" in its original motion to transfer venue that "the sole tie to Rusk County is Flare Air's location" constituted some evidence supporting venue in Rusk County. First, even if Flare Air had a location in Rusk County, which it does not, Appellees were required to establish that the Rusk County location was a principal office, which they did not. Second, because the statement was made in a pleading filed for the purpose of

9

challenging venue, it does not follow that Flare Air admitted that venue was proper by making that statement.   Third, Flare Air amended the statement to reflect its argument that the sole tie to Rusk County was its mailbox location.   The statement in the original motion to transfer venue was insufficient to constitute prima facie proof that venue was proper in Rusk County.

Because Flare Air argued that it maintained no principal office in Rusk County, Appellees were required to present prima facie evidence that venue was proper in Rusk County.  *Mo. Pac. R. Co.*, 998 S.W.2d at 220.   After conducting a de novo review of the entire record, we find that Appellees fell short of their burden in this case.

## IV.     Conclusion

We conclude that Appellees failed to show that venue was proper in Rusk County. Accordingly, we vacate the trial court's order denying Flare Air's motion to transfer venue to Smith County and remand this case to the trial court for further proceedings consistent with this opinion.

Ralph K. Burgess
Justice


Date Submitted:     December 20, 2018
Date Decided:       January 11, 2019