**REVERSE AND REMAND and Opinion Filed November 30, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00776-CV**

**7R OWNERS ASSOCIATION, INC., Appellant**
**V.**
**CLARA JO PREZAS, EMILY SUSAN DAY, SANDRA GREEN, RHONDA JOHANNESSON & SHAYLA PREZAS, Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-04961-D**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

7R Owners Association, Inc. (7R) appeals from the trial court's order denying its motion to transfer venue. We reverse and remand to the trial court with instructions to enter an order transferring the case to Palo Pinto County.

This case involves claims for personal injuries appellees allegedly suffered in a golf cart accident that occurred in Palo Pinto County. Appellees filed this lawsuit in Dallas County, basing venue on their allegation that appellant 7R's principal office is located there. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

7R filed a motion to transfer venue in which it specifically denied the facts underlying appellees' assertion that venue is proper in Dallas County. 7R asserted that, despite the Dallas address listed in its initial corporate filings, its principal office is actually in Palo Pinto County. And it argued that venue is proper in Palo Pinto County because the events giving rise to appellees' claims occurred there. *See id.* § 15.002(a)(1).

In support of its motion, 7R attached an affidavit from its president and sole officer,[1] Michael Ruff. Mr. Ruff testified that 7R's principal place of business is not in Dallas County. Although 7R's 2013 Certificate of Formation lists his former office in Dallas as 7R's registered office, 7R used that address "merely [as] a placeholder." He testified that 7R's operations are solely in Palo Pinto County and that none of its actions occur in Dallas County.

Appellees responded that venue is proper in Dallas County because 7R maintains a principal office there, regardless of whether it also maintains a principal office in Palo Pinto County. *See In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (a corporation may have more than one principal office). For support, appellees attached documents to their response that included:

- 7R's Certificate of Formation from December 2013 identifying its registered office as 5949 Sherry Lane, Suite 960, Dallas, Texas 75225;

---

[1] Mr. Ruff testified that he is 7R's only officer, although he acknowledged 7R had other officers in the past.

- 7R's Certificate of Amendment from December 2013, along with a letter on 7R letterhead using the Sherry Lane address in Dallas;

- 7R's 2015 Texas Franchise Tax Public Information Report (PIR) listing its principal office and principal place of business as the Sherry Lane address in Dallas;

- 7R's 2016 PIR listing its principal office and principal place of business as 8115 Preston Road, Suite 420, Dallas, Texas 75225.

- 7R's 2017 PIR listing its principal office and principal place of business as the Preston Road address in Dallas;

- 7R's 2019 PIR listing its principal office and principal place of business as 1255 W. 15th Street, Suite 135, Plano, Texas 75075;

- 7R's 2021 PIR using the Preston Road address in Dallas as a mailing address;

- a screenshot taken from the Secretary of State's website sometime after April 29, 2022, listing 7R's mailing address as the Preston Road address in Dallas; and

- excerpts from Mr. Ruff's May 21, 2022 deposition.

After a hearing, the trial court entered an order denying 7R's motion to transfer venue, and 7R filed this accelerated interlocutory appeal under section 15.003 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(a), (b)(1); *see also Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 927 (Tex. App.—Dallas 2015, pet. denied) (interlocutory review under section 15.003 available in multi-plaintiff cases).

In an appeal under section 15.003, we review "whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM.

CODE § 15.003(c)(1). Venue may be proper in more than one county, and a plaintiff generally has its choice among proper venues when filing suit. *Ford Motor Co.*, 473 S.W.3d at 928. But if a defendant specifically challenges the propriety of the plaintiff's venue choice, the burden shifts to the plaintiff to present "prima facie proof" that venue is proper in the county of suit. *Id.* The plaintiff satisfies this burden "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX. CIV. PRAC. & REM. CODE § 87(3)(a). If the plaintiff fails to meet this burden, "the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county." *Ford Motor Co.*, 473 S.W.3d at 928 (citing TEX. CIV. PRAC. & REM. CODE § 15.063(1)).

We first address whether appellees met their burden to provide "prima facie proof" that 7R had a principal office in Dallas County at the time of the alleged accident in November 2019. *See* TEX. CIV. PRAC. & REM. CODE § 15.006 ("A court shall determine the venue of a suit based on the facts existing at the time the cause of action that is the basis of the suit accrued."). For venue purposes, the term "principal office" refers to an office "in which the decision makers for the organization within this state conduct the daily affairs of the organization." *Id.* § 15.001(a). "The mere presence of an agency or representative does not establish a principal office." *Id.*

Appellees wholly failed to provide "prima facie proof" compliant with rule 87's requirements. Instead of providing the required affidavit with "duly proved" attachments supporting their venue allegations, *see* TEX. R. CIV. P. § 87(3)(a), appellees filed an unsworn response to which they attached a number of unauthenticated documents. *See Landco Enters., Inc. v. Jindal Saw USA, LLC*, No. 01-19-00797-CV, 2020 WL 4457971, at *4 (Tex. App.—Houston [1st Dist.] Aug. 4, 2020, no pet.) (mem. op.) (response and attachments without affidavit insufficient to establish prima facie proof in support of venue choice).

Even considering the attachments to appellees' response, appellees offered no prima facie proof that 7R maintained a principal office in Dallas County in November 2019. Indeed, the only document appellees provided from the relevant time period is 7R's 2019 PIR, signed by Mr. Ruff in August 2019. That document identifies 7R's principal office and principal place of business as a Collin County address: "1255 W 15TH ST, STE 135, PLANO, TX 75075."[2] To the extent appellees provided pre-2019 documents in which 7R identified a principal office in Dallas County, those documents have little relevance to our analysis. *See Ford Motor Co.*, 473 S.W.3d 930–31 ("Given the 2012 date of the accident, we agree with Ford that its statement regarding a principal office in Dallas County in 2007 is not relevant in this case.").

---

[2] There is no 2020 PIR in the record, but a 2021 PIR continues the principal office and principal place of business at the Plano address.

Appellees' arguments based on excerpts from Mr. Ruff's deposition are likewise unpersuasive. Mr. Ruff testified in May 2022 that he lives in Dallas. And since 2013, he has worked approximately one or two days a week out of 7R's office in Palo Pinto County. He said that he works on 7R matters during "that same timeframe," and he spends the rest of the week working on "other matters." Appellees argue that, because Mr. Ruff lives in Dallas and is 7R's sole officer and employee, "to the extent that 7R does conduct 'daily affairs'" when Mr. Ruff is not in the Palo Pinto County office, those affairs are "necessarily performed in Dallas County by Mr. Ruff." Consequently, 7R must have a "principal office" in Dallas County. But this reasoning is flawed.

There is no evidence from which we can infer that 7R conducted any "daily activities" in November 2019, or any other relevant timeframe, outside of the one or two days a week Mr. Ruff said he worked in the Palo Pinto County office. Nor is there any evidence "necessarily" establishing that, to the extent Mr. Ruff performed any 7R activities outside of the Palo Pinto County office during the relevant time period, he did so while in Dallas County. Because there is no probative evidence suggesting 7R had a principal office in Dallas County at the time appellees' claims accrued, appellees failed to meet their burden of producing prima facie proof showing venue is proper in Dallas County.

Given that determination, we consider whether 7R met its burden to show venue is proper in Palo Pinto County. *See Ford Motor Co.*, 473 S.W.3d at 928. As

7R's motion and supporting affidavit correctly point out—and appellees' petition confirms—appellees assert claims arising out of an accident that allegedly occurred in Palo Pinto County. Thus, "all or a substantial part of the events or omissions giving rise to" appellees' claims occurred in Palo Pinto County, and venue is proper there. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

We reverse the trial court's order denying 7R's motion to transfer venue and remand with instructions that the trial court enter an order transferring the case to Palo Pinto County.

/Cory L. Carlyle/

CORY L. CARLYLE

220776f.p05                                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

7R OWNERS ASSOCIATION, INC., Appellant

No. 05-22-00776-CV       V.

CLARA JO PREZAS, EMILY SUSAN DAY, SANDRA GREEN, RHONDA JOHANNESSON & SHAYLA PREZAS, Appellees

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-21-04961-D.
Opinion delivered by Justice Carlyle. Justices Myers and Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant 7R OWNERS ASSOCIATION, INC.'s motion to transfer venue is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to enter an order transferring the case to Palo Pinto County.

It is **ORDERED** that appellant 7R OWNERS ASSOCIATION, INC. recover its costs of this appeal from appellees CLARA JO PREZAS, EMILY SUSAN DAY, SANDRA GREEN, RHONDA JOHANNESSON & SHAYLA PREZAS.

Judgment entered this 30th day of November, 2022.