

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00071-CV
_____

WESTERN DAIRY TRANSPORT, LLC; B&C HOLDING COMPANY, LLC;
RK HALL, LLC; ARYS HOTSHOT SERVICE, LLC; WD LOGISTICS LLC; SOUTHWEST
LEASING, LLC; AND VICENTE BARCENAS, Appellants

V.

LAUREN NEVIL, INDIVIDUALLY AND BRITTNAY COX, INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATES OF BRADLEY ALLAN NEVIL AND SHERI
NEVIL (DECEDENTS); REBA WRIGHT; MILAN VON KELSING, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE OF PATRICK SCRIVENER (DECEDENT); AND
MARGIE AND ROD SCRIVENER, Appellees

_____

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 92426

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Appellants, Western Dairy Transport, LLC, B&C Holding Company, LLC, RK Hall, LLC, Arys Hotshot Service, LLC, WD Logistics LLC, Southwest Leasing, LLC, and Vicente Barcenas (collectively Appellants) appeal from the trial court's denial of their motion to transfer venue from Lamar County to Childress County. In two issues, Appellants argue that Lauren Nevil, individually, Brittany Cox, individually and as representatives of the estates of Bradley Allan Nevil and Sheri Nevil (Decedents), Reba Wright, Milan Von Kelsing, individually and as representative of the estate of Patrick Scrivener (Decedent), and Margie and Rod Scrivener (collectively Appellees) failed to meet their burden to show that venue was proper in Lamar County.[1] Finding that Appellees presented prima facie proof that RK Hall's principal place of business is in Lamar County, we affirm the trial court's order.

## I.      Background

On February 28, 2024, Appellees sued Appellants in Lamar County for causes of action arising from a multi-vehicle accident that occurred in Childress County on June 1, 2023. Appellees alleged that venue was proper in Lamar County because defendant RK Hall's principal place of business was in Lamar County. Appellants filed motions to transfer venue in which they asserted that venue was proper in Childress County, where the accident occurred, and denied that RK Hall's principal place of business was in Lamar County.

---

[1]Appellants, Western Dairy Transport, LLC, Southwest Leasing, LLC, and B&C Holding, LLC, filed a brief appealing from the trial court's order denying the motion to transfer venue on November 26, 2024. Later that same day, Appellant, WD Logistics, LLC, filed a brief in which WD Logistics joined and adopted by reference the full brief filed by Appellants, Western Dairy Transport, LLC, Southwest Leasing, LLC, and B&C Holding, LLC. *See* TEX R. APP. P. 9.7.

The trial court allowed limited discovery, and Appellees subsequently filed their response to the motions to transfer venue and attached evidence that they asserted established prima facie evidence that RK Hall's principal place of business was in Lamar County. Specifically, Appellees attached certified copies of RK Hall's "Texas Franchise Tax Public Information Reports" for the years 2022 and 2023, the affidavit of attorney Marty Young, pages from RK Hall's website, and the deposition transcript of RK Hall Vice President Jason Exum, along with deposition exhibits attached thereto.

Appellants filed their reply in support of the motions to transfer venue and lodged objections to Appellees' inclusion of the deposition exhibits to their response. Appellants attached the affidavit of attorney Glenn Fahl, copies of the crash reports from the underlying accident and a copy of RK Hall, LLC's, "Texas Franchise Tax Public Information Report" for 2022. Appellees, in response to the objections filed by Appellants, sought leave to amend the Young affidavit attached to their response.

After additional pleadings were filed by both parties supporting their individual positions and motions, the trial court held a hearing on the motion for leave to amend the affidavit and the motions to transfer venue. At the conclusion of the hearing, the trial court granted Appellees' motion for leave to amend the Young affidavit, overruled Appellants' objections thereto, and denied Appellants' motions to transfer venue. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b)(1).

## II. Venue

Appellants assert that the trial court erred in denying the motions to transfer venue because Appellees failed to meet their burden of presenting prima facie proof that venue was proper in Lamar County. Ordinarily, the plaintiff chooses the venue of the case, and the choice of venue cannot be disturbed if the suit is initially filed in a county of proper venue. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260–61 (Tex. 1994); *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied).

Once the defendant specifically challenges the plaintiff's choice of venue, the plaintiff has the burden to present "prima facie proof that venue is proper in the county of suit." *Wilson*, 886 S.W.2d at 261; *see In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *KW Constr.*, 165 S.W.3d at 879; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.); *see also* TEX. R. CIV. P. 87(2)(a), (3)(a). A plaintiff satisfies its burden of presenting prima face proof "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX. R. CIV. P. 87(3)(a). Generally, if the plaintiff fails to meet that burden, the trial court must transfer the lawsuit to another county of proper venue. TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1); *Wilson*, 886 S.W.2d at 260.

"In reviewing a venue decision, an appellate court conducts an independent review of the entire record to determine whether any probative evidence supports the trial court's venue

4

decision." *Union Pac. R.R. Co. v. Stouffer*, 420 S.W.3d 233, 239 (Tex. App.—Dallas 2013, pet. dism'd); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b); *Wilson*, 886 S.W.2d at 261.

**A.      Appellees' Prima Facie Proof that Venue Was Proper in Lamar County**

Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code provides that a lawsuit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person."   TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3). "Principal office" is defined as "a principal office of the corporation . . . in which the decision makers for the organization within this state conduct the daily affairs of the organization.  The mere presence of an agency or representative does not establish a principal office."  TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a).

As stated in *Stouffer*,

> To establish venue based upon a principal office, plaintiffs must show:  (1) the employees in the county where the lawsuit was filed are "decision makers" for the company (hereinafter, "decision makers") and (2) the employees in the county where the lawsuit was filed have "substantially equal responsibility and authority" relative to other company officials within the state (hereinafter, "substantial equality").

*Stouffer*, 420 S.W.3d at 240 (quoting *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 217, 220 (Tex. 1999) (orig. proceeding)).  "'Decision makers' who conduct the daily affairs are different kinds of officials than agents or representatives, and 'daily affairs' does not mean relatively common, low-level management decisions."  *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 929 (Tex. App.—Dallas 2015, pet. denied) (quoting *In re Missouri Pac. R.R. Co.*, 998 S.W.2d at 217).  "A party cannot prove a prima facie case that a county has a principal office without evidence of the corporate structure and the authority of the officers in the county of suit as

5

compared with the remainder of the state." *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 220 (Tex. 1999) (orig. proceeding). While a corporation may have more than one principal office in this state, "[i]t is unlikely that an office clearly subordinate to and controlled by another Texas office could be 'a principal office.'" *Id.* at 217.

Appellees assert that defendant RK Hall had its principal office in Lamar County and, as a result, venue was proper there because at least one defendant maintained a principal office in Lamar County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3). As prima facie proof, Appellees heavily relied on the deposition testimony of one of RK Hall's vice presidents, Exum. In his deposition, Exum testified that RK Hall had "always officed in Paris, Texas, Lamar County." He further testified as to the corporate structure at the time of the accident. Exum stated that Robert K. Hall was president of RK Hall at that time and was officed in Lamar County along with Vice President Brad Bankston, Chief Financial Officer Lex Huie, Manager of Quality Control Newman Bradford, and an environmental health and safety manager, Chad Stone. Exum agreed that as president, Robert K. Hall was the primary decision maker for RK Hall followed by the vice presidents, the chief financial officer, and other managers all located in Lamar County. In addition to Exum's deposition testimony, Appellees presented evidence of RK Hall's financial filings and screenshots of RK Hall's website to establish that RK Hall held out that its principal place of business was in Lamar County.

Appellants argue that the deposition testimony relied upon by Appellees is insufficient because Exum also testified that RK Hall was purchased by another company, Summit Materials,

6

LLC,[2] in 2010, but that RK Hall and Summit are separate entities, though RK Hall is owned entirely by Summit. According to Exum, Summit was based out of Denver, Colorado. Compensation for RK Hall came from Summit. Exum further agreed that all of "RK Hall['s] financials flow up to Summit." Exum explained that Jeff Perkins, president of the south region for Summit, had "power and control over the locations" located in the south region, including RK Hall. Perkins was based out of Richmond, Texas. RK Hall employees reported "overall performance, safety, financials, different projects, just . . . normal work issues" to Perkins. While Exum agreed that the RK Hall employees reported to Perkins, he clarified that Perkins was the president for Summit's south region, not an executive of RK Hall.

Appellants argue that Exum's testimony that he and the other RK Hall officers reported to Perkins "destroyed" Appellees' prima facie evidence that RK Hall's principal place of business was in Lamar County. Appellants further assert that Appellees failed to "define the role of any of the decision makers in [Lamar] County relative to the rest of the company in Texas." *In re Missouri Pac. R.R. Co.*, 998 S.W.2d at 220. We disagree with this contention.

"The usual types of prima facie proof in a venue determination—pleadings and affidavits establishing places of residence, principal offices, and even where the cause of action accrued— are usually objective enough that pleadings and affidavits can fairly be said to enable the trial court to correctly decide the issue." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999); *see* TEX. R. CIV. P. 88. As an employee of RK Hall for approximately twenty years,

---

[2]There was testimony that RK Hall was purchased by Summit Materials, LLC, and Summit Materials, Inc. For purposes of this appeal, we refer to the purchasing company solely as "Summit" throughout.

Exum had the knowledge of RK Hall's corporate structure, and his testimony established that RK Hall's headquarters and officers were in Lamar County. The decision makers for RK Hall, including its president, vice presidents, and several managing officers, were located in Lamar County. While Exum explained that RK Hall was purchased by Summit in 2010 and that RK Hall reported to Perkins, he maintained that RK Hall was a separate business operating out of Lamar County. "A parent company and its subsidiary maintain their independence even though the same persons are directors or managers of both corporations." *Neff v. Brady*, 527 S.W.3d 511, 525 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 376 (Tex. 1984)). "The same is true even though most or all the capital stock of a subsidiary corporation is owned by its parent corporation." *Id.* (citing *Docudata Records Mgmt. Servs., Inc. v. Wieser*, 966 S.W.2d 192, 197 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)).

"[T]he trial court must maintain venue in the plaintiff's county unless a mandatory venue provision applies[,] or the defendant brings forth conclusive evidence that 'destroys' the plaintiff's prima facie proof." *Tex. Truck Ctrs., Inc. v. Bass*, No. 13-22-00520-CV, 2024 WL 3616608, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2024, no pet.) (mem. op.) (quoting *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 288 (Tex. App.—Corpus–Christi 2012, pet. dism'd); *see* TEX. R. CIV. P. 87(3)(c)); *KW Const.*, 165 S.W.3d at 879–80 ("If the record contains any probative evidence supporting venue in the county of suit, a transfer is improper even if the evidence preponderates to the contrary. However, conclusive evidence to the contrary can destroy the 'probative evidence.'" (citations omitted)). While Appellants contend that Exum's testimony conclusively

8

established that Perkins was a superior to whom they reported, Exum's testimony did not establish that Perkins was an officer of RK Hall. Rather, he stated that, to his knowledge, Perkins was president of Summit's south region. We note that Appellants rely on a tax franchise document to establish that Perkins was a vice president of RK Hall. Exum, however, testified that he had no personal knowledge of the filings and could not verify their contents. However, even if the tax franchise document purports to confirm that Perkins was a vice president at RK Hall, Exum testified that the president, a position superior to vice president, was based in the Lamar County office. Additionally, Perkins being an officer of both RK Hall and Summit would not destroy RK Hall's independence as a corporation. *See Neff*, 527 S.W.3d at 525. Accordingly, Appellants' argument that the officers in RK Hall reported to Perkins and thus are subordinate to Perkins is not conclusive evidence that destroys the probative evidence put forth by Appellees that RK Hall's principal place of business was in Lamar County.

Appellants further assert that Exum's testimony focused largely on the operations in Lamar County and failed to state how the operations of the Lamar County location compared to the authority of other offices statewide, citing to *In re Missouri Pacific Railroad Co. See In re Missouri Pac. R.R. Co.*, 998 S.W.2d at 220. That argument, however, fails under these circumstances. In *In re Missouri Pacific Railroad Co.*, there was one company with offices located in various counties. *Id.* Here, Appellants are arguing that the principal place of business for RK Hall is in fact a Summit office located in another part of Texas. Because RK Hall, even as a subsidiary of Summit, maintained its independence as a corporation conducting its day-to-day affairs and operations, a Summit office in another location cannot subsume RK Hall as RK

9

Hall's principal place of business. *See Neff*, 527 S.W.3d at 525. Accordingly, we find that Appellees met their burden to establish prima facie proof that RK Hall's principal place of business was in Lamar County; thus, venue was appropriate in Lamar County. We overrule Appellants' first issue.

## B. Appellants' Objections to Appellees' Evidence

In a second issue, Appellants assert that the trial court erred in overruling the objections made to certain evidence attached to Appellees' response to the motions to transfer venue. Appellants assert that the deposition exhibits attached to Exum's deposition transcript were neither attached to nor incorporated by reference in the Young affidavit and that consideration of those exhibits for purposes of determining venue should not have been allowed. Appellees respond that the deposition exhibits were not needed to establish prima facie evidence of RK Hall's principal place of business, that the deposition testimony was "more than sufficient." Rule 88 of the Texas Rules of Civil Procedure states,

> Deposition transcripts, responses to requests for admission, answers to interrogatories and other discovery products containing information relevant to a determination of proper venue may be considered by the court in making the venue determination when they are attached to, or incorporated by reference in, an affidavit of a party, a witness or an attorney who has knowledge of such discovery.

TEX. R. CIV. P. 88. Here, Appellants assert that the deposition exhibits attached to Exum's deposition transcript were not attached to or incorporated by reference in the Young affidavit. Young's amended affidavit states that Exhibit D "is a true and correct copy of the deposition of Jason Exum taken on August 22, 2024." It makes no reference to the deposition exhibits attached thereto. Assuming, without deciding, that the trial court erred in overruling Appellants'

objections to the deposition exhibits, we find there is no harm. As discussed above, Exum's testimony, without the use of the exhibits, established the corporate structure and satisfied Appellees' burden to show that RK Hall's Lamar County employees were the company's decision makers with substantially equal responsibility and authority relative to other RK Hall officials. As a result, the trial court did not need to consider the deposition exhibits to appropriately determine that venue was proper in Lamar County. We overrule Appellants' second issue.

## III. Conclusion

We affirm the order of the trial court.


Scott E. Stevens
Chief Justice


Date Submitted:      January 29, 2025
Date Decided:        February 10, 2025