**Reversed and Remanded and Opinion Filed August 22, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00532-CV

**GREYSTAR STUDENT HOUSING GROWTH AND INCOME FUND OP, LP, GREYSTAR DEVELOPMENT GROUP, LP, GREYSTAR DEVELOPMENT CENTRAL, LLC, ET AL., Appellants**

**V.**

**BRITTNEY NOVA, ET AL., Appellees**

**On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-23-03924-B**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

In this interlocutory appeal, we must decide whether the trial court correctly determined venue is proper in Dallas County. Nova[1] sued the Greystar Appellants, United Forming, Inc. (UFI), Drew Kelley, and Clint Bordner (together, Appellants)

---

[1] Appellees are Brittney Nova, Individually and as Dependent Administrator and Personal Representative of the Estate of Michael Delgado and Personal Representative and Next Friend of E.D., Minor Child, Michael Croce, and Tanya Delgado. We refer to Appellees together as "Nova," unless otherwise indicated.

in Dallas County.[2] Appellants moved to transfer the case to Travis County, asserting improper venue in Dallas County. The trial court denied Appellants' motions. Appellants raise a single issue on appeal, claiming the trial court erred in denying their motions to transfer. After reviewing the record, we agree. We conclude Nova did not establish venue is proper in Dallas County, while Appellants established venue in Travis County. We reverse the trial court's judgment and remand the case with instructions to transfer to Travis County.

## BACKGROUND

This suit arises from the unfortunate death of Michael Delgado. On March 2, 2023, Delgado was riding his bicycle near a construction site on Rio Grande Street in Austin, Texas. As Delgado was riding, he was struck by a large piece of debris that was allegedly blown off the construction above. Delgado was seriously injured, and he died two days later. On March 31, 2023, Brittney Nova, individually, as administrator of Delgado's estate, and as personal representative of Delgado's minor child, and Tanya Delgado (Michael's mother) sued several defendants in Travis County probate court for the events leading to Delgado's death.[3]

---

[2] The "Greystar Appellants" are: Greystar Student Housing Growth and Income Fund OP, LP; Greystar Development Group, LP; Greystar Development Central, LLC; Greystar GP II, LLC; Greystar Real Estate Partners, LLC; Greystar Worldwide, LLC; Greystar Investment Group, LLC; GREP Texas, LLC; Greystar Development and Construction, L.P.—Union on 24th Contractor Series; Greystar Development & Construction, L.P.; GEdR at Union on 24th, LLC; GEdR at Union on San Antonio, LLC; Greystar Development, LLC; GREP General Partner, LLC, (named as Greystar Real Estate Partners GP, LLC); Drew Kelley; and Clint Bordner. We exclude from this list defendant Greystar Management Services, LLC, because they are not properly before this Court, as we explain below.

[3] The original defendants were B&D Contractors, Inc., Haegelin Wehmeyer Construction, Ltd., Lehne Construction, Inc., and Sun Star Services, LLC.

In that suit, plaintiffs alleged proper venue in Travis County because "all or a substantial part of the events, acts and/or omissions giving rise to this lawsuit occurred in Travis County." Plaintiffs alleged various negligent acts, including failing to secure the construction site, failing to take precautionary measures against high winds, and failing to implement, enforce, or follow safety policies and standards.

The plaintiffs later nonsuited the Travis County suit and filed the present suit in Dallas County on June 23, 2023. Plaintiffs added Michael Croce (Delgado's father) as a claimant. Plaintiffs added as defendants the Greystar Appellants, UFI, Landmark Construction Management, LLC, Drew Kelley, and Clint Bordner.

In the Dallas County original petition, Nova removed all references to Austin or Travis County. Nova generally alleged "[a] substantial part of the events or omissions giving rise to the claim occurred in Dallas County" and "[o]ne of more of Defendants' principal offices are located in Dallas County." Beyond these general statements, Nova did not make any allegations specifically tying the incident or any defendant to Dallas County. Regarding the Greystar entities, Nova alleged each has a "principal place of business in Texas." Regarding UFI, Nova alleged it is a foreign company "licensed to do business in the State of Texas."

The facts section of Nova's Dallas County petition again alleged Delgado was struck and killed by a piece of debris that fell from a construction site during high winds. Nova alleged the defendants ignored wind and weather advisories and failed

–3–

to take precautions. However, the petition omitted any reference to the location of the accident. Nova again alleged negligence and gross negligence by the defendants in failing to properly secure the job site and follow safety standards, among other acts. However, none of the factual or legal allegations discuss any acts, events, or omissions occurring in Dallas County (or Travis County).

Appellants filed motions to transfer venue in response. Therein Appellants alleged venue was not proper in Dallas County because Nova had not sufficiently pleaded venue facts, had not established a substantial part of the events or omissions giving rise to Nova's claims had occurred in Dallas County, and had not established any named defendant had a principal office in Dallas County. Appellants requested the court transfer the case to Travis County because at least one defendant had a principal office there and all or a substantial part of the events or omissions giving rise to Nova's claims occurred in Travis County. Appellants also argued the case should be transferred to Travis County based on the convenience of the parties and the interests of justice. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(b). Appellants attached Nova's original Travis County petition to the motions to transfer.

Nova filed an omnibus response to the motions to transfer. Nova primarily argued at least one of the defendants has a principal office in Dallas County, supporting venue there. Nova attached evidence in support, relying heavily on deposition and trial testimony in a prior Dallas County case involving certain Greystar entities. Nova also attached contracts related to that prior case and

screenshots from Greystar and UFI websites describing some employees and offices. Nova argued the employees' prior testimony supported they are "decision makers" in a Greystar office in Dallas County, making venue appropriate there. Nova further argued the court should not transfer the case based on convenience. Nova alternatively requested the court continue the hearing on the motions to transfer to allow venue-related discovery.

Appellants replied, arguing Nova failed to properly plead venue facts or bring forth evidence any defendant had a principal office in Dallas County to support venue. The trial court held a hearing on the motions on December 15, 2023. The trial court deferred ruling, and in the interim, Nova amended her petition three times, adding numerous defendants. On April 19, 2024, the trial court signed an order denying Appellants' motions to transfer venue. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(b) (permitting interlocutory appeal of trial court's venue determination in multi-plaintiff suits).

### STANDARD OF REVIEW

In an interlocutory appeal of a trial court's venue ruling under Section 15.003 of the Civil Practice and Remedies Code, the appellate court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM. CODE § 15.003(c)(1). Accordingly, our review is de novo. *Deere & Co. v. Bernal*, No. 05-22-00916-CV, 2023 WL 195547, at *3

(Tex. App.—Dallas Jan. 17, 2023, pet. denied) (mem. op.). In conducting this review, we consider the entire record, including any evidence presented at the hearing. *Id.*

**ANALYSIS**

## I. Proper Appellants

Before discussing the merits, we must address the proper parties to this appeal. In their notice of appeal and briefing, the Greystar Appellants included "Greystar Management Services, LLC." However, this defendant was added in Nova's First Amended Petition, filed more than two months after the hearing on the other Greystar defendants' motions to transfer. Furthermore, this defendant is not included in the caption or the body of the order denying the motions to transfer that gives rise to this interlocutory appeal. There is nothing in the record to indicate the trial court intended to include Greystar Management Services, LLC in its order denying the motions to transfer.

The filing of a notice of appeal invokes the appellate court's jurisdiction over all "*parties to the trial court's judgment or order* appealed from." TEX. R. APP. P. 25.1(b) (emphasis added). Greystar Management Services, LLC is not a party to the trial court's order forming the basis of this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(b) (permitting interlocutory appeal of trial court's venue determination in multi-plaintiff suits). There is no basis for Greystar Management Services, LLC's appeal, and we lack jurisdiction over that defendant. Accordingly,

–6–

we dismiss for want of jurisdiction the appeal as to Greystar Management Services, LLC.

## II.     The Trial Court Erred in Denying the Motions to Transfer Venue

In their sole issue, Appellants contend the trial court erred in denying their motions to transfer venue. After reviewing the record, we agree.

### A.     Venue

Under the relevant portions of the venue statute, all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or]

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person.

TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), (3). When there are multiple plaintiffs, as here, each must independently establish proper venue. TEX. CIV. PRAC. & REM. CODE § 15.003(a).

Generally, the plaintiff's choice of venue cannot be disturbed if the suit is initially filed in a county of proper venue. *Deere & Co.*, 2023 WL 195547, at *2 (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-61 (Tex. 1994)). Once the defendant specifically challenges the plaintiff's choice of venue, the plaintiff has the burden to present prima facie proof that venue is proper in the county of suit. *Id.* (citing TEX. R. CIV. P. 87(3)(a); *Union Pac. R. Co. v. Stouffer*, 420 S.W.3d 233, 239 (Tex. App.—Dallas 2013, pet. dism'd)). A plaintiff satisfies this burden "when the venue facts are properly pleaded and an affidavit, and any duly proved

attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.* (quoting TEX. R. CIV. P. 87(3)(a); *Roach v. Jackson*, No. 05-20-00762-CV, 2020 WL 7258061, at *3 (Tex. App.—Dallas Dec. 10, 2020, pet. denied) (mem. op.)). This prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *Id.* (citing *Ford Motor Co. v. Johnson*, 473 S.W.3d 925, 928 (Tex. App.—Dallas 2015, pet. denied)).

However, if the plaintiff fails to discharge its burden, the right to choose a proper venue passes to the defendant, who must then prove venue is proper in the defendant's chosen county. *Id.* (citing *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 216 (Tex. 1999); *Ford Motor Co.*, 473 S.W.3d at 928.). Venue is determined based on the facts existing at the time the cause of action that is the basis of the suit accrued. TEX. CIV. PRAC. & REM. CODE § 15.006; *Ford Motor Co.*, 473 S.W.3d at 930. Furthermore, the trial court must base its venue determination on the last timely-filed pleading prior to the hearing on the motion to transfer. *See In re Stephens*, No. 05-20-00833-CV, 2021 WL 1904324, at *6 (Tex. App.—Dallas May 12, 2021, orig. proceeding) (citing *In re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding)).

### B. "Principal office"

Nova primarily relies on subsection (a)(3) of the general venue statute to argue one or more of the defendants have a principal office in Dallas County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3). "Principal office" means: "a principal office of

the corporation, unincorporated association, or partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." *Id.* § 15.001(a).

A corporation may have more than one principal office in this state. *Deere & Co.*, 2023 WL 195547, at \*2 (citing *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 217). However, even though "a principal office" suggests there can be more than one office, the word "principal" indicates some sort of primacy. *Id.* To establish venue based on a principal office, the plaintiffs must show the employees in the county where the lawsuit was filed (1) are "decision makers" for the company, and (2) have "substantially equal responsibility and authority" relative to other company officials within the state. *Id.* (citing *Stouffer*, 420 S.W.3d at 240). "Decision makers" who conduct the daily affairs are different kinds of officials than agents or representatives, and "daily affairs" does not mean relatively common, low-level management decisions. *Id.* That person need not be a C-suite person but must be higher than a low-level manager who makes only routine, non-policy decisions. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 217, 220–21. And, a principal office cannot be clearly subordinate to and controlled by another Texas office. *Roach*, 2020 WL 7258061, at \*7 (citing *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 221).

Importantly, "[a] party cannot prove a prima facie case that a county has a principal office without evidence of the corporate structure and the authority of the

officers in the county of suit as compared with the remainder of the state." *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220.

To determine whether Nova met her burden to show proper venue in Dallas County based on a defendant having a principal office there, we begin by reviewing Nova's original petition, the operative pleading at the time of the hearing on the motion to transfer. *See In re Stephens*, 2021 WL 1904324, at *6. Therein, Nova summarily pleaded "One or more of Defendants' principal offices are located in Dallas County." Nova did not allege any specific defendant had a principal office in Dallas County. Instead, Nova alleged several of the defendants have "a principal place of business *in Texas*." (emphasis supplied). The only other references to Dallas are the allegations that some of the Greystar defendants could be served with process through their registered agent, CT Corporation System, in Dallas.

Nova did not allege any specific facts connecting the suit to Dallas County. The petition does not identify an office of any named defendant in Dallas County or allege any facts to show that any such office is a principal office. It does not allege any specific defendant has "decision makers" in Dallas County or conducts its daily affairs from an office there, as opposed to another office in Texas. Nova generally alleged defendants ignored warnings about the potential for high winds and failed to take precautions. Nova then alleged "Greystar" failed to ensure construction equipment and job sites are properly secured in adverse weather. Nova alleged the defendants were negligent in various respects, e.g. "failing to properly maintain their

–10–

job site," "failing to properly monitor the weather conditions at the job site," and "failing to follow safety regulations and industry standards designed to protect against falling debris, equipment, and/or tools." However, Nova ascribed this conduct to defendants collectively, without specifying any acts by any decision makers of any specific entity in Dallas County.

Appellants argue Nova's venue pleadings are so woefully deficient they do not meet Rule 87's pleading requirements for venue. *See* TEX. R. CIV. P. 87(3) ("All venue facts, *when properly pleaded*, shall be taken as true unless specifically denied…Prima facie proof is made *when the venue facts are properly pleaded* and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading.") (emphasis added). Appellants contend the pleadings are so deficient we should reverse on that basis alone. However, we need not decide the issue, as we conclude that, even if Nova sufficiently pleaded venue facts, she did not present prima facie proof of venue upon challenge by Appellants.

In response to the motions to transfer, Nova submitted evidence to attempt to show a Greystar entity or UFI have a principal office in Dallas County. Nova relied heavily on deposition excerpts, trial testimony, and documents from the *Flores* case involving a 2019 crane collapse in Dallas.[4] Nova pointed to deposition testimony

---

[4] *Mason Flores et al. v. Bigge Crane and Rigging et al.*, No. CC-19-04006-B (Dallas Co. Ct. at Law No. 2).

from Laird Sparks in *Flores* wherein Sparks stated he is the Senior Managing Director of Development for "Greystar," but did not explain what specific Greystar entity is referenced. Sparks further testified his office is in Irving, and his job is to go out and look for sites to develop new projects. Nova asserted Sparks's office is located "at the Greystar regional office in Irving, Texas" and included a footnote reference to a Greystar webpage purporting to establish that fact. However, a review of that web link reveals Greystar has offices in Austin, Dallas, Houston, and San Antonio.[5]

To show Sparks is a "decision maker," Nova argued Sparks is often selected to serve as vice president for Greystar entities and sign contracts on their behalf. In support, Nova attached contracts from other projects bearing Sparks's signatures as vice president for "GS Gabriella Holding, LLC," "Gabriella Greystar, LLC," "Gabriella Nationwide, LLC," and "Gabriella Tower, LLC." However, none of these entities are named defendants in this suit, and none of the cited testimony explains Sparks's authority referenced to a named defendant in *this* case. Instead, these contracts relate to other Greystar entities involved in the *Flores* litigation. Nova argues these activities in *Flores* imply Sparks must have "companywide authority" on the "development side" of the Greystar entities and there must not be any other Greystar official with greater authority. Nova's assertions are little more than

---

[5] An exhibit attached to Nova's response shows a similar screenshot indicating offices in at least Austin and Dallas and suggesting an office in San Antonio. Furthermore, at the hearing on the motion to transfer venue, Nova's counsel acknowledged "Greystar" had an office or employees in Houston.

surmise and conjecture and do not constitute probative evidence. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 & n.7-8 (Tex. 2003).

On appeal, Nova cites to many other portions of Sparks's deposition testimony in the *Flores* suit. While Sparks's deposition was attached to Nova's response to the motion to transfer, Nova did not cite or rely on many of the deposition excerpts it now relies on in this Court. However, even considering those excerpts, this additional testimony is not probative on whether any Greystar defendant had a principal office in Dallas County. Again, Sparks's testimony relates to his role in developing the property in the *Flores* litigation, involving a 2019 incident for a Dallas County property. The testimony does not reveal the corporate structure of any named Greystar defendant or the authority of Sparks or his employer with respect to the other Greystar offices in Texas. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220.[6]

Nova next relied on trial testimony from Toni Eubanks in the *Flores* case and screenshots from webpages related to Eubanks. Eubanks testified she worked for "Greystar Property Management" as of June 9, 2019, the date of the crane accident

---

[6] Three months after the hearing on the motion to transfer venue, Nova filed a motion to compel venue discovery responses from the Greystar defendants. Nova attached a declaration by Sparks filed in the *Flores* suit. In that declaration Sparks states he is the Senior Managing Director – Development at Greystar Development & Construction, LP and lists an Irving address. This was not part of Nova's response to the motion to transfer venue, though Nova relies on it in this Court to support its "principal office" argument. However, if even considered by the trial court or this Court, the declaration does little more than establish Sparks's employer, title, and an Irving address. It speaks nothing as to that entity's corporate structure, the Irving office's relation to other Texas offices, or the primacy or subordination of the Irving office. *See In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220. And, the declaration was executed in April 2022, more than one year prior to the incident in this case. *See* TEX. CIV. PRAC. & REM. CODE § 15.006; *Ford Motor Co.*, 473 S.W.3d at 930 (venue is determined based on the facts existing at the time the cause of action that is the basis of the suit accrued).

in *Flores*. "Greystar Property Management" is not a named defendant in Nova's original petition (or any other petition). It is unclear whether "Greystar Property Management" is a distinct entity or a subdivision of some other Greystar entity. At the time of her *Flores* trial testimony (April 21, 2023), Eubanks indicated she currently works for "Greystar Real Estate Partners under the property management owner."[7] She further testified that in 2019 she was the executive director over the "central territory" for the management company.[8] She stated she is not a "low-level person at Greystar." At that time (2019), Eubanks was in charge of Texas, and several other states with the property management company. The webpage screenshots describe Eubanks as "Executive Director at Greystar" with a "Dallas-Fort Worth Metroplex" descriptor.

As with Sparks, we find the evidence relied upon by Nova with respect to Eubanks is not probative. Initially, we note the testimony of Eubanks in the *Flores* case describes her position and authority in 2019. We are required to examine venue facts at the time the cause of action accrued. TEX. CIV. PRAC. & REM. CODE § 15.006. Thus, the relevant date for determination of a principal office in Dallas County is March 2, 2023, when the accident occurred. Furthermore, even if that trial testimony

---

[7] Two named defendants here include the phrase "Greystar Real Estate Partners"—Greystar Real Estate Partners GP, LLC and Greystar Real Estate Partners, LLC. It is unclear whether Eubanks's reference to "Greystar Real Estate Partners" means one of these named defendants. Regardless, it does not affect our analysis.

[8] Sparks's deposition testimony indicated that in 2019, Eubanks worked in the same Irving office with Sparks.

supports that Eubanks was a decision maker at one of the named Greystar defendants in March 2023, the evidence is not probative on any particular Greystar entity's corporate structure or the authority of Eubanks or her employer with respect to the other Greystar Texas offices. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220. Similarly, the screenshots leave only surmise and speculation as to Eubanks's specific employer, her authority, or the authority of any Greystar office. *See id.*

Nova also included a screenshot from a Greystar website for Lance Hanna designating him as "Managing Director – U.S. Central Development." Nova asserted Hanna "appears to work in Dallas County." Nova similarly included a screenshot for Alaina Emley, which designates her as "Managing Director – Revenue Management." Nova argued "it seems clear that at least one Greystar defendant has a principal office in Dallas County." However, neither of these screenshots are probative on which named defendant Hanna or Emley worked for, their specific job duties or authority, the corporate structure of any Greystar entity, or the relationship or authority of any Greystar office with respect to any other. *See In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220.

In its response to the motions to transfer, Nova further argued defendant UFI "appears to have a principal office in Dallas County." Nova again relied on a webpage screenshot, this time from www.unitedforming.com. The screenshot shows three employees and their purported titles: "Jose Rodriguez – Dallas-Fort Worth Area Safety Manager; Luis Paniagua – Austin Area Safety Manager; and Armando

–15–

Urbina – Dallas-Fort Worth Area Manager." Nova did not provide any evidence specifying whether UFI even has an office in Dallas County, the corporate structure of UFI, or the authority of any UFI office compared to another. Nova again relies on speculation to conclude UFI has a principal office in Dallas County.

None of the foregoing evidence meets the supreme court's requirements to establish any named defendant had a principal office in Dallas County. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220-21 (that one division superintendent who was identified by defendant railroad as a "decision maker" had office in plaintiffs' chosen county was insufficient to establish that chosen county was location for a principal office for railroad in comparison with responsibility and authority exercised by railroad officials elsewhere in state, as required to establish prima facie case for venue); *Stouffer*, 420 S.W.3d at 242-44 (plaintiffs in case against railroad did not demonstrate that superintendent and senior manager in Dallas divisions had authority substantially equal to others in the state; although plaintiffs proved the Dallas divisions did not report to Harris County office, this did not support a conclusion that the superintendent and senior manager had comparable authority to the executives in Harris County, therefore plaintiffs failed to establish prima facie that Dallas County was a "principal office" for the railroad).

Nova relies largely on our decisions in *Roach v. Jackson*[9] and *Deere & Co. v. Bernal*[10] in support of its argument. We find these cases distinguishable. *Roach* involved a single corporate entity, Estes Express Lines with sixteen Texas shipping terminals, two of which were located in Dallas County. *Id.* at *1. Estes argued it had no principal office in Texas at all. *Id.* at *5. Estes's corporate representative (Sanderson) testified he officed at the Dallas terminal. *Id.* at *6. Sanderson provided specific testimony on the corporate structure of Estes. *Id.* Sanderson also detailed his role as district manager and that he directed the various Texas shipping terminals, including their managers and activities and was the "go-to" person in Texas for the terminal managers. *Id.* Sanderson supervised Estes's activities in a three-state region including the drivers used on a daily basis to deliver freight and ways to control costs. *Id.*

Sanderson also testified that a regional vice-president (Collins) officed at the Dallas terminal and was the highest-ranking Estes employee in Texas. *Id.* Sanderson explained Collins directed the district operations managers and made decisions for Estes on a day-to-day basis according to guidelines given by the Virginia corporate office. *Id.* Sanderson also testified there were no other Texas terminals with more district or regional managers making decisions on behalf of Estes in Texas. *Id.* at *7.

---

[9] *Roach v. Jackson*, No. 05-20-00762-CV, 2020 WL 7258061 (Tex. App.—Dallas Dec. 10, 2020, pet. denied) (mem. op.).

[10] *Deere & Co. v. Bernal*, No. 05-22-00916-CV, 2023 WL 195547, at *2 (Tex. App.—Dallas Jan. 17, 2023, pet. denied).

This Court concluded Sanderson and Collins were "higher level functionaries" that performed duties sufficient for decision-maker status, and the plaintiffs' evidence showed no other Texas office had higher level management authority than or control over the Dallas office. *Id.* at *8.

*Deere* also involved a single corporate entity that was sued in Dallas County based on the presence of a large regional distribution center there. *Deere & Co.*, 2023 WL 195547, at *1. Affidavit and deposition testimony described the corporate structure and operations of Deere in Texas. *Id.* at *4-6. The manager of the Dallas regional distribution center supervised over fifty employees, including several supervisors, was responsible for a large facility, and served Deere dealerships and customers in several states. *Id* at *6. The manager did not have a Texas supervisor. *Id.* at *1. Based on this evidence, this Court concluded the plaintiffs established the distribution center's manager was a decision maker. *Id.* at *6-7. And, the evidence also supported the Dallas facility was not clearly subordinate to and controlled by another Deere office in Texas. *Id.* at *7. Accordingly, this Court concluded plaintiffs established Deere had a principal office in Dallas County for venue purposes. *Id.*

The evidence here is not comparable to that in *Roach* or *Deere*. Even if the evidence showed Sparks, Eubanks, Hanna, or Emley are "decision makers," there was no distinct testimonial or documentary evidence on the corporate structure of any of the named Greystar defendants, other than vague references to Greystar "affiliates" in the *Flores* case. And, there was no evidence addressing the

–18–

relationship of any Greystar entity's Irving office to the other Texas Greystar offices or the comparable authority of any of the Texas offices or employees. Neither was there evidence of the corporate structure of UFI, its decision makers, or their relative authority.

Accordingly, we conclude Nova did not provide prima facie proof the Greystar Appellants or UFI has a principal office in Dallas County. *See In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 220-21; *Stouffer*, 420 S.W.3d at 242-44.

### C. "Substantial part of the events or omissions"

Nova also argues venue in Dallas County is proper because they alleged a substantial part of the events or omissions giving rise to the claim occurred there. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Our inquiry concerning the applicability of Section 15.002(a)(1) involves identifying the claims and then determining whether all or a substantial part of the events or omissions giving rise to those claims occurred in Dallas County. *Rush Truck Centers of Texas, L.P. v. Sayre*, No. 05-23-00775-CV, 2023 WL 8270236, at *3 (Tex. App.—Dallas Nov. 30, 2023, no pet.) (mem. op.). This provision limits the number of counties where venue can be maintained to those with a substantial connection with the lawsuit. *Velasco v. Texas Kenworth Co.*, 144 S.W.3d 632, 634 (Tex. App.—Dallas 2004, pet. denied). We analyze whether the evidence shows the actions or omissions at issue are materially connected to the cause of action. *Moveforfree.com, Inc. v. David Hetrick, Inc.*, 288 S.W.3d 539, 542 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing

–19–

*KW Constr. v. Stephens & Sons Concrete Contractors*, 165 S.W.3d 874, 882 (Tex. App.—Texarkana 2005, pet. denied); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 680 (Tex. App.—Austin 2003, no pet.)).

Here, in her original petition, Nova stated: "A substantial part of the events or omissions giving rise to the claim occurred in Dallas County." Other than tracking the statutory language, there are no allegations tying any acts or omissions in Dallas County to Nova's claims. In the fact section of the petition, Nova describes that debris fell from a hi-rise construction project and struck Michael Delgado, resulting in his death. However, Nova curiously omits the locations of the construction project and Delgado at the time of the incident. Nova alleges there were wind and weather advisories in place at the time, but again provides no location details. Nova then goes on to allege the defendants were negligent in failing to perform the work in a safe manner, failing to monitor the weather, and failing to follow safety regulations and industry standards, among other acts. Again, however, Nova does not allege, even generally, where these acts or omissions occurred. There is no reference to *any* city or county, much less Dallas County.

In the response to the motion to transfer venue, Nova did not point to any evidence supporting that a substantial part of the events or omissions occurred in Dallas County. Appellants contend Nova abandoned her reliance on Section 15.002(a)(1) to establish venue. On appeal, Nova points to portions of Sparks's testimony discussed above, and testimony from a superintendent (Brian Shrupsha)

for a Greystar entity in the *Flores* suit. We need not decide whether Nova abandoned her reliance on Section 15.002(a)(1) because even considering the evidence she now points to on appeal, it does not provide prima facie proof to support that a substantial part of the events or omissions occurred in Dallas County.

Shrupsha's testimony vaguely references policies in the *Flores* suit that may or may not have contributed to *that* incident (which occurred in Dallas in June 2019), with no indication of any relation to *this* construction-related incident (March 2023). Furthermore, none of Shrupsha's cited testimony describes any act or omission by any named defendant in the present case. Shrupsha does not identify any specific office location from which any purported policies originated. Similarly, Sparks's cited testimony references acts or omissions in the *Flores* suit, with no connection to the events or omissions leading to Delgado's injury and death. Any contrary assertion by Nova requires surmise, suspicion, and conjecture, none of which constitutes probative evidence. *See Marathon Corp.*, 106 S.W.3d at 728 & n.7-8.

Ultimately, Nova did not provide prima facie proof that a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); TEX. R. CIV. P. 87(3).

### D.    Venue is proper in Travis County

Because Nova did not come forward with prima facie proof to support venue in Dallas County, the burden shifted to Appellants to show venue is proper in their

chosen county (Travis County). *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 216; *Ford Motor Co.*, 473 S.W.3d at 928.

In their motions to transfer, Appellants alleged this case arises out of Delgado's death in Austin. Relying in part on Nova's petition filed in the Travis County probate court, Appellants described how Delgado was riding his bicycle near a construction site in Austin when high winds blew a piece of debris off a building under construction. The debris struck Delgado, killing him. Appellants alleged Nova then filed suit in Travis County against several defendants (except the Greystar entities), then retained new counsel, nonsuited the Travis County case, and refiled the suit in Dallas County, adding numerous defendants, including the Greystar entities.[11]

Importantly, Nova did not specifically deny Appellants' venue allegations that the incident occurred in Austin. We take properly pleaded venue facts as true unless they are specifically denied by the adverse party. TEX. R. CIV. P. 87(3)(a); *see GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex. 1998). Furthermore, at the hearing on the motion to transfer, Nova's counsel conceded Delgado was

---

[11] Appellants attached to their motion to transfer venue a file-stamped copy of Nova's original petition in Travis County Probate Court, filed March 31st, 2023. The facts therein alleged in detail that on March 2, 2023, Delgado was riding his bicycle near a "Greystar" construction site on Rio Grande Street in Austin when he was struck by a large piece of construction debris that had fallen from the site due to high winds. Nova alleged Austin news weather reports and other media had warned of severe weather, including high winds, and that various defendants had ignored weather warnings and failed to keep the construction site secure and safe. While statements in petitions from a non-suited case do not typically qualify as judicial admissions, we note the Travis County petition here as part of our consideration of the entire record and because it supports Appellants' venue allegations.

–22–

killed in Travis County and "[t]here's no doubt some of the activities that took place were in Travis County…it happened in Austin." Nova also admits in her appellate brief that the accident occurred in Austin.[12]

We conclude Appellants properly pleaded venue facts, not specifically denied by Nova, that indicate a substantial part of the events or omissions giving rise to Nova's claims occurred in Travis County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Other portions of the record support that conclusion. Accordingly, Appellants met their burden to show venue is proper in Travis County. TEX. R. CIV. P. 87(2). We conclude the trial court erred in denying Appellants' motions to transfer venue. We sustain Appellants' sole issue.

## III. Nova's Request for Continuance

Nova argues that even if the trial court erred in ruling on the motions to transfer venue, this Court should remand to permit additional venue discovery because Nova moved for a continuance on that basis. We decline to grant such relief for several reasons.

First, we question our jurisdiction to grant Nova's requested relief because Nova did not file a notice of appeal complaining of the trial court's denial of its motion for continuance. A party who seeks to alter the trial court' s judgment or other appealable order must file a notice of appeal. TEX. R. APP. P. 25.1(c). The

---

[12] We also note an affidavit in the record from a co-defendant, B&D Contractors, Inc., indicates the project forming the basis of this suit was located in Travis County.

appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause. *Id.*

Assuming Nova filed a proper motion for continuance (discussed below), the trial court did not expressly rule on the motion but instead proceeded with the hearing, and later denied Appellants' motions to transfer venue. We have previously recognized when a party moves to continue a hearing but the trial court conducts the hearing or rules on its substance, the trial court impliedly overrules the motion for continuance. *See Favour Leasing, LLC v. Mulligan*, No. 05-13-01000-CV, 2014 WL 4090130, at *10 (Tex. App.—Dallas Aug. 19, 2014, no pet.) (mem. op.) (trial court implicitly denied motion for continuance when it proceeded with the special appearance hearing and denied the special appearance); *U.S. Terra Corp. v. First Nat. Bank of Park Cities*, No. 005-95-01374-CV, 1996 WL 601717, at *4 (Tex. App.—Dallas Oct. 16, 1996, no writ) (not designated for publication) (by conducting the hearing on defendant's special appearance, the trial court impliedly overruled plaintiff's motion for continuance to conduct discovery).

Here, by conducting the hearing and issuing a ruling on the motions to transfer venue, the trial court impliedly denied Nova's motion for continuance. Nova did not challenge that ruling by notice of appeal. However, as appellees, Nova would have us grant greater relief than the trial court. In the absence of a proper appeal to this Court, we decline to do so. *See* TEX. R. APP. P. 25.1(c); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004) (respondent did not preserve for review the issue

of its authority to unilaterally amend deed restrictions and increase assessments, where it did not file a notice of appeal from the trial court's judgment, did not seek a cross-appeal, and did not petition supreme court for review on the point).

Second, the record does not reflect Nova filed a proper motion for continuance. Generally, a motion for continuance must set out sufficient cause, supported by affidavit. TEX. R. CIV. P. 251. If a continuance is sought in order to pursue further discovery, the motion should be supported by affidavit and describe the evidence sought, explain its materiality, and show the party requesting the continuance used due diligence to obtain the evidence. TEX. R. CIV. P. 252; *see Wal-Mart Stores Texas, LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). A trial court does not abuse its discretion by denying a motion for continuance that does not meet the requirements of Rule 252. *Id*. Here, Nova did not file a motion for continuance supported by affidavit. Its request for continuance appeared within its response to Appellants' motion to transfer.[13] The request did not provide any detail regarding the requested discovery, but merely cited Rule 88 (permitting discovery relevant to venue determination). Nova did not describe the evidence sought, explain its materiality, or show she used due diligence to obtain the evidence. TEX. R. CIV. P. 252. Generally, when movants fail to comply with the rules' requirements that the motion for continuance be "supported by affidavit," we

---

[13] Nova attached an affidavit to its response to the motion to transfer, but that affidavit merely proved up the attachments to the response. It did not address the need for a continuance.

presume the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Third, even if Nova had filed a proper motion for continuance, we question Nova's diligence in obtaining relevant venue evidence. Appellants filed their answers and motions to transfer venue on August 25, 2023. The hearing for the motions was set for December 15, 2023. However, the record reflects Nova did not serve any venue-related discovery until three days prior to the December 15th hearing. Furthermore, at that hearing Nova did not object to proceeding with the hearing and did not assert she needed more time to conduct venue discovery. Three months after the hearing, Nova moved to compel Appellants to respond to the venue-related discovery served in December. The trial court denied the motions to transfer venue a few days before the hearing on the motion to compel. The record does not support Nova diligently pursued discovery on venue. *See Bridgestone/Firestone, Inc. v. Thirteenth Ct. of Appeals*, 929 S.W.2d 440, 442 (Tex. 1996) (orig. proceeding) (trial court could reasonably have concluded plaintiffs had, but did not diligently pursue, an opportunity to obtain discovery on venue). For these reasons, we reject Nova's request to remand for additional venue-related discovery.

## CONCLUSION

The trial court erred in denying Appellants' motions to transfer venue to Travis County. Even if Nova properly pleaded venue facts, upon challenge by Appellants, Nova did not provide prima facie proof venue is proper in Dallas

County. Nova did not provide probative evidence any named defendant had a principal office in Dallas County or that a substantial part of the events or omissions giving rise to the claims occurred in Dallas County. Conversely, Appellants pleaded venue facts—not specifically denied by Nova—that venue is proper in Travis County, and the record supports that conclusion. Furthermore, Nova is not entitled to a continuance to pursue additional venue-related discovery. Accordingly, we reverse the trial court's judgment and remand with instructions to transfer Appellants' case to Travis County. We dismiss for want of jurisdiction the appeal as to Greystar Management Services, LLC.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

240532F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREYSTAR STUDENT HOUSING GROWTH AND INCOME FUND OP, LP, GREYSTAR DEVELOPMENT GROUP, LP, GREYSTAR DEVELOPMENT CENTRAL, LLC, ET AL., Appellants

No. 05-24-00532-CV          V.

BRITTNEY NOVA, ET AL., Appellees

On Appeal from the County Court at Law No. 2, Dallas County, Texas Trial Court Cause No. CC-23-03924-B.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to transfer Appellants' case to Travis County.

It is further **ORDERED** that the appeal as to Greystar Management Services, LLC is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that Appellants GREYSTAR STUDENT HOUSING GROWTH AND INCOME FUND OP, LP, GREYSTAR DEVELOPMENT GROUP, LP, GREYSTAR DEVELOPMENT CENTRAL, LLC, ET AL. recover their costs of this appeal from Appellees BRITTNEY NOVA, ET AL.

Judgment entered this 22nd day of August 2024.